# EXHIBIT 1

Fulton County Magistrate Court
***E-FILED***TM
Date: 4/9/2018 12:00 AM
Cathelene Robinson, Clerk
18MS103210

## IN THE MAGISTRATE COURT OF
## FULTON COUNTY STATE OF
## GEORGIA

WILLIS JOHNSON,

               Plaintiff,                     CIVIL ACTION NO.:

v.

JP MORGAN CHASE N.A.

               Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, WILLIS JOHNSON (the "Plaintiff"), by and through his undersigned, sues

Defendant, JP MORGAN CHASE, N.A., (hereinafter referred to as "Chase" or "the Defendant"

and alleges:

### JURISDICTION AND VENUE

1.      This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), O.C.G.A 46-5-27 et seq, and the

Georgia Fair Business Practices Act O.C.G.A § 10-1-390, et seq. ("GFBPA") due to repeated

violations of Plaintiff's personal privacy by the Defendant and/or its agents in its illegal efforts to

contact the Plaintiff despite his unequivocal request to cease and desist unwanted calls.

2.      Original and supplemental jurisdiction exists pursuant to O.C.G.A § 9-10-91  and

O.C.G.A §9-10-93.

3.      Venue is proper in this Court in that the Defendant transact business here and a

substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, WILLIS JOHNSON, is a natural person and resident of the City of Atlanta and Fulton County, Georgia.

5.      The Defendant is a diversified bank that offers a broad array of financial products and services to consumers, small business, and commercial clients. The Defendant has millions of customers throughout the United States and in Georgia.

6.      The Defendant's corporate headquarter is located in New York City, New York. The Defendant is, and at all times mentioned herein is a corporation and "person" as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

7.      On or about July of 1999, Plaintiff was issued his cellular telephone number 478-xxx-8032 by his cellular phone provider.

8.      Defendant sent voluminous unwanted ATDS prerecorded voicemails recorded on the Plaintiff's cellular phone which acquired Plaintiff's cellular phone storage space.

9.      Due to the acquisition of Plaintiff's cellular device storage space by the Defendant, this caused the Plaintiff's cellular phone to run slow, prevented him from using his cellular phone's camera, to delete timeless photos of his family and special events, and caused his cellular phone applications not to start up or suddenly crash while in operation.

10.     Defendant sent unwanted automated telephone dialing system ("ATDS") calls which impacted Plaintiff's cell phone usage by slowing down his cell phone data speeds.

11.     The storage acquisition by Defendant's voicemails frustrated the purpose of the Plaintiff purchasing his cellular phone.

12. Defendant caused Plaintiff's cellular device to malfunction.

13. Plaintiff had to download additional software to increase storage space on his phone due to the voluminous unwanted ATDS prerecorded voicemails by the Defendant.

14. Before Plaintiff downloaded software to increase storage, Plaintiff wasted his time deleting unwanted voicemail messages in order to clear space on his cellular phone device.

15. Defendant's unwanted ATDS calls were interruptive in nature.

16. Defendant's unwanted ATDS calls were harassing in nature.

17. Defendant's unwanted ATDS calls invaded Plaintiff's privacy.

18. Defendant's unwanted ATDS calls were an intrusion upon and occupation of Plaintiff's cellphone capacity.

19. Defendant's unwanted ATDS calls wasted Plaintiff's time.

20. Defendant's unwanted ATDS calls caused risk of injury by interrupting or distracting the Plaintiff from driving and other daily activities requiring the Plaintiff's attentiveness and undivided attention.

21. Defendant's unwanted ATDS calls were an intrusion upon seclusion.

22. Defendant's unwanted ATDS calls trespass to chattels.

23. Defendant contacted Plaintiff's cell phone with ATDS without his express consent.

24. On information and good faith belief, on or around October of 2017, the Defendant began placing illegal and unwanted calls to Plaintiff's cellular telephone number xxx-xxx-8032.

25. The Defendant made calls to Plaintiff's cellular telephone by using an ATDS

and/or an artificial or prerecorded voice ("Robocalls"). The Plaintiff left prerecorded voice messages. The prerecorded message is in a pre- recorded voice that stated,

> "Hello. This call is from Chase Auto Finance a division of JP Morgan Chase Bank. Please contact one of our representative at 1-866-204-0047. Our hours are 7:30 am 11:00 pm Saturday 8:00 am -8:00 pm and on Sunday 8:00 am until 8:30 pm Eastern Standard time. Again this is an important call from Chase Auto Finance. Please call us at 1-866-204-0047. Thank you."

26. Plaintiff revoke any consent he may have given by certified mail and in person revocation via a bank branch manager.

27. On or around October 29, 2017, Plaintiff orally and writing explicitly instructed Chase's executive office to cease and desist placing automatic dialer calls and leaving prerecorded voice messages on Plaintiff's phone.

28. On or around January 25, 2017 the Plaintiff orally and in writing instructed the Defendant's executive bank branch manager to cease and desist placing automatic dialer calls and leaving prerecorded voice messages on the Plaintiff's cellular phone.

29. The FCC Commission requires calls using a prerecorded or artificial voice the caller should "provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request"

30. The Defendant never provided an automated, interactive voice- and/or key press-activated opt-out mechanism for the Plaintiff to make a do-not-call request.

31. Despite Plaintiff's unequivocal oral and written requests, The Defendant caused unabated calls to be made to the Plaintiff using auto dialers and prerecorded messages to Plaintiff's cellular telephone.

32. Based on the totality of the facts and circumstances, the Plaintiff had a reasonable expectation that he effectively communicated his requests to the Defendant based on the

aforementioned.

33. The Defendant could have implemented mechanisms to effectuate a requested cease and desist of unwanted calls by the Plaintiff without incurring undue burdens. At all times mentioned herein, the Defendant called the Plaintiff on his cellular telephone by using an automated telephone dialing system ("ATDS").

34. The Defendant, initiated ATDS prerecorded voice messages by using an automated telephone dialing system or an artificial or prerecorded voice ("Robocalls") to dial the Plaintiff's cellular telephone.

35. The Defendant knew or should have known they were making telephone ATDS prerecorded voice message to the Plaintiff's cellular telephone.

36. Defendant failed to take effective steps to cease and desist its unlawful conduct.

37. The Plaintiff did not verbally and/or in writing provide his cellular telephone number or his prior consent to be called on the above referenced cellular telephone number to the Defendant.

38. The Defendant did not call and leave prerecorded messages to the Plaintiff's cellular telephone "for emergency purposes" as described by 47 U.S.C. § 227 (b)(1)(A).

## COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT 47 U.S.C. § 227, et seq & O.C.G.A 46-5-27et seq.

39. The Plaintiff re-alleges and incorporates ¶¶ 1 – 38 above as if fully stated herein. The Defendant is liable to the Plaintiff for violations of the Telephone Consumer Protection Act (hereinafter TCPA) of 47 U.S.C. § 277 (a) (1) and /or by using "an artificial or prerecorded voice as described in 47 U.S.C § 227 (b) (1) (A) without the prior express written consent and/or prior express consent within the meaning of the TCPA. The Defendant is liable to the Plaintiff for

Page 5 of 10

violation of 47 U.S.C. § 277 (4) (5).

40. Pursuant to 47 C.F.R. § 1200 (f) (8) the Defendant did not obtain Plaintiff's prior *express consent.*

41. Pursuant to the TCPA and under the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute.

42. At all times mentioned herein, Defendant called the Plaintiff on his cellular telephone by using an automated telephone dialing system ("ATDS") and/or an artificial or prerecorded voice ("robocalls").

43. Defendant initiated calls by using an automated telephone dialing system or an artificial or prerecorded voice to call the Plaintiff's cellular telephone after he notified the Defendant to cease and desist calling his cellular device.

44. Defendant knew or should have known they were making unwanted calls, unwanted automatic, and ATDS calls to the Plaintiff's cellular telephone; and failed to take any effective steps to cease and desist its unlawful conduct.

45. The Plaintiff did not verbally or in writing provide prior express explicit written consent and/or express explicit consent to be called on the above referenced cellular telephone number to the Defendant. The Defendant did not make telephone calls to the cellular telephone "for emergency purposes" as described by 47 U.S.C. § 227 (b) (1) (A).

46. The Defendant placed these non-emergency, calls by using ATDS telephone numbers 1-800-510-8106; and 1-813-884-2891; through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

47. The Defendant changed its dialer numbers from 1-800-510-8106; to 1-813-

884-2891; in order to lure the Plaintiff into answering the Defendant's harassing telephone calls even though a second notice to cease and desist was provided to the Defendant.

48. Each and every ATDS calls placed to the Plaintiff cellular phone were made in knowing and/or willful in violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b) (3)(C).

49. As a result of each call made in a negligent manner in violation of the TCPA, the Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

50. As a result of each call made in a knowing and/or willful manner in violation of the TCPA, the Plaintiff is entitled to an award of treble damages in an amount of up to $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## COUNT II - VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A § 10-1-390, et seq.

52. The allegations of Paragraphs 1 through 51 of the complaint are realleged and incorporated herewith by references.

53. The Defendant does have a physical brick and mortar location in the state of Georgia.

54. Plaintiff sent multiple written demand notices and in person notices to the Defendant to cease and desist its unfair, and deceptive acts or practices as set out in Paragraphs 1 through 54 herein.

55. Defendant has violated Georgia's Fair Business Practices Act of 1975,

O.C.G.A. §§ 10-1-390 et seq., by engaging in unfair, and deceptive acts or practices as set out in Paragraphs 1 through 55 herein.

56. Defendant violated O.C.G.A. § 10-1-393 (a) which declares it is unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce to be unlawful.

57. Defendant commenced a consumer transaction when the Defendant provided the Plaintiff with a line of credit.

58. Consumer transaction extends to the collection of the Plaintiff's alleged personal automobile loan.

59. Defendant had actual and culpable knowledge that Plaintiff wanted the ATDS calls to cease and desist.

60. Despite having actual and culpable knowledge, the Defendant continued its collection against the Plaintiff.

61. The Defendant violated Georgia's Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390 et seq., by continuing to unfairly auto dialing the Plaintiff when the Plaintiff revoked his consent and/or never gave his consent to be dial by ATDS dialers. The Plaintiff was bombarded with harassing prerecorded voicemails in order to collect on an alleged debt.

62. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct due to the Defendant acting in bad faith and exhibiting harassing behavior.

63. WHEREFORE, the Plaintiff respectfully requests this Court to enter a judgment in favor of the Plaintiff and against the Defendant for an award of actual damages; and award of

statutory damages pursuant to 47 U.S.C. § 227(b) (3)(B) in the amount of $15,000.00; and if the Defendant's conduct is deemed willful, statutory damages pursuant to 47 U.S.C. § 227(b)(3)(C) in the amount of $15,000.00. In addition to 47 U.S.C. § 227(b)(3)(B) and/or 47 U.S.C. § 227(b)(3)(C) statutory damages the Plaintiff also respectfully requests this Court to enter a judgment in favor of the Plaintiff and against the Defendant for an award of statutory treble damages pursuant O.C.G.A §10-1-399 (a)(b)(c) in the amount of $15,000.00. Also, pursuant to O.C.G.A §10-1-399 (a)(b)(c), Plaintiff request for injunctive relief, exemplary damages, expense of litigation, and attorney fees.

64. Defendants actions evidence a species of bad faith, were and are stubbornly litigious, and have caused plaintiff undue expense. Thus, plaintiff is entitled to recover his necessary expense of litigation, including an award of reasonable attorney's fee and expense required by this action pursuant to O.C.G.A § 13-61-11 as well as any other statutory or common law basis.

65. The Plaintiff respectfully request such other and further relief as is just and proper.

66. The Plaintiff respectfully requests the Court for injunctive relief.

67. The Plaintiff respectfully requests the Court to hold a jury trial on all issues so triable.

Respectfully submitted on this    9th    day of April, 2018.

        Respectfully Submitted
        _____/s/_____
        Willis Johnson
        711 Cosmopolitan Drive NE Unit 812
        Atlanta, GA 30324

## IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

WILLIS JOHNSON,

     Plaintiff,

v.

JP MORGAN CHASE N.A.

     Defendant.

CIVIL ACTION NO.: *18MS103210*

_____/

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff, whose name and mailing address is:

**Willis Johnson**

**711 Cosmopolitan Drive NE Unit 812**

**Atlanta, GA 30324**

 an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This ____ th day of April, 2018.

                                _Thomas_

                         Deputy Clerk/Clerk of Court

# IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

WILLIS JOHNSON,

    Plaintiff,

v.

JP MORGAN CHASE N.A.,

    Defendant.

          *
          *
          *
          *
          *   Civil Action File No. *18 MS 103210*
          *
          *
          *

## VERIFICATION

Personally appeared before me, the undersigned officer authorized to administer oaths, WILLIS JOHNSON, who after having been duly sworn, on oath, deposes and swears that he is the Plaintiff in the above-styled action and that the facts contained in the foregoing Complaint are true and correct to the best of his knowledge and belief.

This 9th day of April, 2018.

_____
WILLIS JOHNSON

Sworn to and subscribed before me this 9th day of April, 2018.

_____
Notary Public, State of Georgia

SELAM SUAREZ
NOTARY PUBLIC
Cobb County
State of Georgia
My Comm. Expires Nev. 19, 2019

Fulton County Magistrate Court
***E-FILED***TM
Date: 5/11/2018 12:22 AM
Cathelene Robinson, Clerk
18MS103210

## IN THE MAGISTRATE COURT OF
## FULTON COUNTY STATE OF
## GEORGIA

WILLIS JOHNSON,

                  Plaintiff,               CIVIL ACTION NO.: 18MS103210

v.

JP MORGAN CHASE N.A.

                  Defendant.

_____/

## AMEDNDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, WILLIS JOHNSON (the "Plaintiff"), by and through his undersigned, sues Defendant, JP MORGAN CHASE, N.A., (hereinafter referred to as "Chase" or "the Defendant" and alleges:

### JURISDICTION AND VENUE

1.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), O.C.G.A 46-5-27 et seq, and the Georgia Fair Business Practices Act O.C.G.A § 10-1-390, et seq. ("GFBPA") due to repeated violations of Plaintiff's personal privacy by the Defendant and/or its agents in its illegal efforts to contact the Plaintiff despite his unequivocal request to cease and desist unwanted calls.

2.    Original and supplemental jurisdiction exists pursuant to O.C.G.A § 9-10-91 and O.C.G.A §9-10-93.

3.    Venue is proper in this Court in that the Defendant transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, WILLIS JOHNSON, is a natural person and resident of the City of Atlanta and Fulton County, Georgia.

5.      The Defendant is a diversified bank that offers a broad array of financial products and services to consumers, small business, and commercial clients. The Defendant has millions of customers throughout the United States and in Georgia.

6.      The Defendant's corporate headquarter is located in New York City, New York. The Defendant is, and at all times mentioned herein is a corporation and "person" as defined by 47 U.S.C. § 153(10).

## FACTUAL ALLEGATIONS

7.    On or about July of 1999, Plaintiff was issued his cellular telephone number 478-xxx-8032 by his cellular phone provider.

8.    Defendant sent voluminous unwanted ATDS prerecorded voicemails recorded on the Plaintiff's cellular phone which acquired Plaintiff's cellular phone storage space.

9.    Due to the acquisition of Plaintiff's cellular device storage space by the Defendant; this caused the Plaintiff's cellular phone to run slow, prevented him from using his cellular phone's camera, to delete timeless photos of his family and special events, and caused his cellular phone applications not to start up or suddenly crash while in operation.

10.  Defendant sent unwanted automated telephone dialing system ("ATDS") calls which impacted Plaintiff's cell phone usage by slowing down his cell phone data speeds.

11.  The storage acquisition by Defendant's voicemails frustrated the purpose of the Plaintiff purchasing his cellular phone.

12.  Defendant caused Plaintiff's cellular device to malfunction.

13.  Plaintiff had to download additional software to increase storage space on his phone due to the voluminous unwanted ATDS prerecorded voicemails by the Defendant.

14.  Before Plaintiff downloaded software to increase storage, Plaintiff wasted his time deleting unwanted voicemail messages in order to clear space on his cellular phone device.

15.  Defendant's unwanted ATDS calls were interruptive in nature.

16.  Defendant's unwanted ATDS calls were harassing in nature.

17.  Defendant's unwanted ATDS calls invaded Plaintiff's privacy.

18.  Defendant's unwanted ATDS calls were an intrusion upon and occupation of Plaintiff's cellphone capacity.

19.  Defendant's unwanted ATDS calls wasted Plaintiff's time.

20.  Defendant's unwanted ATDS calls caused risk of injury by interrupting or distracting the Plaintiff from driving and other daily activities requiring the Plaintiff's attentiveness and undivided attention.

21.  Defendant's unwanted ATDS calls were an intrusion upon seclusion.

22.  Defendant's unwanted ATDS calls trespass to chattels.

23.  Defendant contacted Plaintiff's cell phone with ATDS without his express consent.

24.  On information and good faith belief, on or around October of 2017, the Defendant began placing illegal and unwanted calls to Plaintiff's cellular telephone number xxx-xxx-8032.

25.  The Defendant made calls to Plaintiff's cellular telephone by using an ATDS

and/or an artificial or prerecorded voice ("Robocalls"). The Plaintiff left prerecorded voice messages. The prerecorded message is in a pre- recorded voice that stated,

> "Hello. This call is from Chase Auto Finance a division of JP Morgan Chase Bank. Please contact one of our representative at 1-866-204-0047. Our hours are 7:30 am 11:00 pm Saturday 8:00 am -8:00 pm and on Sunday 8:00 am until 8:30 pm Eastern Standard time. Again this is an important call from Chase Auto Finance. Please call us at 1-866-204-0047. Thank you."

26.     Plaintiff revoke any consent he may have given by certified mail and in person revocation via a bank branch manager.

27.   On or around October  29, 2017, Plaintiff orally and writing explicitly instructed Chase's executive office to cease and desist placing automatic dialer calls and leaving prerecorded voice messages on Plaintiff's phone.

28.   On or around January 25, 2017 the Plaintiff orally and in writing instructed the Defendant's executive bank branch manager to cease and desist placing automatic dialer calls and leaving prerecorded voice messages on the Plaintiff's cellular phone.

29.   The FCC Commission requires calls using a prerecorded or artificial voice the caller should "provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request"

30.   The Defendant never provided an automated, interactive voice- and/or key press-activated opt-out mechanism for the Plaintiff to make a do-not-call request.

31.   Despite Plaintiff's unequivocal oral and written requests, The Defendant caused unabated calls to be made to the Plaintiff using auto dialers and prerecorded messages to Plaintiff's cellular telephone.

32.   Based on the totality of the facts and circumstances, the Plaintiff had a reasonable expectation that he effectively communicated his requests to the Defendant based on the

aforementioned.

33.   The Defendant could have implemented mechanisms to effectuate a requested cease and desist of unwanted calls by the Plaintiff without incurring undue burdens. At all times mentioned herein, the Defendant called the Plaintiff on his cellular telephone by using an automated telephone dialing system ("ATDS").

34.   The Defendant, initiated ATDS prerecorded voice messages by using an automated telephone dialing system or an artificial or prerecorded voice ("Robocalls") to dial the Plaintiff's cellular telephone.

35.   The Defendant knew or should have known they were making telephone ATDS prerecorded voice message to the Plaintiff's cellular telephone.

36.    Defendant failed to take effective steps to cease and desist its unlawful conduct.

37.   The Plaintiff did not verbally and/or in writing provide his cellular telephone number or his prior consent to be called on the above referenced cellular telephone number to the Defendant.

38.   The Defendant did not call and leave prerecorded messages to the Plaintiff's cellular telephone "for emergency purposes" as described by 47 U.S.C. § 227 (b)(1)(A).


## COUNT I - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT 47 U.S.C. § 227, et seq & O.C.G.A 46-5-27et seq.

39.   The Plaintiff re-alleges and incorporates ¶¶ 1 – 38 above as if fully stated herein. The Defendant is liable to the Plaintiff for violations of the Telephone Consumer Protection Act (hereinafter TCPA) of 47 U.S.C. § 277 (a)(1) and /or by using "an artificial or prerecorded voice as described in 47 U.S.C § 227 (b)(1)(A) without the prior express written consent and/or prior express consent within the meaning of the TCPA. The Defendant is liable to the Plaintiff for

violation of 47 U.S.C. § 277 (4) (5).

40.   Pursuant to 47 C.F.R. § 1200 (f) (8) the Defendant did not obtain Plaintiff's prior *express consent.*

41.   Pursuant to the TCPA and under the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute.

42.   At all times mentioned herein, Defendant called the Plaintiff on his cellular telephone by using an automated telephone dialing system ("ATDS") and/or an artificial or prerecorded voice ("robocalls").

43.   Defendant initiated calls by using an automated telephone dialing system or an artificial or prerecorded voice to call the Plaintiff's cellular telephone after he notified the Defendant to cease and desist calling his cellular device.

44.   Defendant knew or should have known they were making unwanted calls, unwanted automatic, and ATDS calls to the Plaintiff's cellular telephone; and failed to take any effective steps to cease and desist its unlawful conduct.

45.   The Plaintiff did not verbally or in writing provide prior express explicit written consent and/or express explicit consent to be called on the above referenced cellular telephone number to the Defendant. The Defendant did not make telephone calls to the cellular telephone "for emergency purposes" as described by 47 U.S.C. § 227 (b) (1) (A).

46.   The Defendant placed these non-emergency, calls by using ATDS telephone numbers 1-800-510-8106; 1-813-884-2891; and 1-713-651-0559 through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

47.   The Defendant changed its dialer numbers from 1-800-510-8106; to 1-813-

884-2891; and 1-713-651- 0559 in order to lure the Plaintiff into answering the Defendant's harassing telephone calls even though a second notice to cease and desist was provided to the Defendant.

48.    Each and every ATDS calls placed to the Plaintiff cellular phone were made in knowing and/or willful in violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b) (3)(C).

49.    As a result of each call made in a negligent manner in violation of the TCPA, the Plaintiff is entitled to an award of $500.00 in statutory damages for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

50.    As a result of each call made in a knowing and/or willful manner in violation of the TCPA, the Plaintiff is entitled to an award of treble damages in an amount of up to $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## COUNT II - VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT O.C.G.A § 10-1-390, et seq.

52.    The allegations of Paragraphs 1 through 51 of the complaint are realleged and incorporated herewith by references.

53.    The Defendant does have a physical brick and mortar location in the state of Georgia.

54.    Plaintiff sent multiple written demand notices and in person notices to the Defendant to cease and desist its unfair, and deceptive acts or practices as set out in Paragraphs 1 through 54 herein.

55.     Defendant has violated Georgia's Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390 et seq., by engaging in unfair, and deceptive acts or practices as set out in Paragraphs 1 through 55 herein.

56.     Defendant violated O.C.G.A. § 10-1-393 (a) which declares it is unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce to be unlawful.

57.   Defendant commenced a consumer transaction when the Defendant provided the Plaintiff with alleged automobile financing.

58.   Consumer transaction extends to the collection of the Plaintiff's alleged personal automobile loan.

59.   Defendant had actual and culpable knowledge that Plaintiff wanted the ATDS calls to cease and desist.

60.   Despite having actual and culpable knowledge, the Defendant continued its collection against the Plaintiff.

61.     The Defendant violated Georgia's Fair Business Practices Act of 1975, O.C.G.A. §§ 10-1-390 et seq., by continuing to unfairly auto dialing the Plaintiff when the Plaintiff revoked his consent and/or never gave his consent to be dial by ATDS dialers. The Plaintiff was bombarded with harassing prerecorded voicemails in order to collect on an alleged debt.

62.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct due to the Defendant acting in bad faith and exhibiting harassing behavior.

63.   WHEREFORE, the Plaintiff respectfully requests this Court to enter a judgment

in favor of the Plaintiff and against the Defendant for an award of actual damages; and award of statutory damages pursuant to 47 U.S.C. § 227(b) (3)(B); and if the Defendant's conduct is deemed willful, statutory damages pursuant to  47 U.S.C. § 227(b)(3)(C). In addition to 47 U.S.C. § 227(b)(3)(B) and/or 47 U.S.C. § 227(b)(3)(C) statutory damages the Plaintiff also respectfully requests this Court to enter a judgment in favor of the Plaintiff and against the Defendant for an award of statutory treble damages pursuant O.C.G.A §10-1-399 (a)(b)(c). Also, pursuant to O.C.G.A §10-1-399 (a)(b)(c), Plaintiff request for injunctive relief, exemplary damages, expense of litigation, and attorney fees.

64. Defendants actions evidence a species of bad faith, were and are stubbornly litigious, and have caused plaintiff undue expense. Thus, plaintiff is entitled to recover his necessary expense of litigation, including an award of reasonable attorney's fee and expense required by this action pursuant to O.C.G.A § 13-61-11 as well as any other statutory or common law basis.

65. The Plaintiff respectfully request such other and further relief as is just and proper.

66. The Plaintiff respectfully requests the Court for injunctive relief.

67. The Plaintiff respectfully requests the Court to hold a jury trial on all issues so triable.

Respectfully submitted on this_____10th_____day of May, 2018.

Respectfully Submitted
_____/s/_____
Willis Johnson
711 Cosmopolitan Drive NE Unit 812
Atlanta, GA 30324